UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER CALLAHAN and<br>JOSEPHINE SASSO CALLAHAN,<br><br>Plaintiffs,<br><br>v.<br><br>SUSAN SHEPHERD and MARK HART,<br><br>Defendants. | Civil Action No. 17-cv-10508 |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                                    February 23, 2018

## I.    Introduction

Plaintiffs Peter Callahan and Josephine Sasso Callahan ("the Callahans") have filed this lawsuit against Defendants Susan Shepherd ("Shepherd") and Mark Hart ("Hart") alleging breach of contract, breach of the implied covenant of good faith and fair dealing, breach of express and implied warranties, negligence, and violations of Mass. Gen. L. c. 93A and Mass. Gen. L. c. 142A. D. 1. Shepherd and Hart now move to dismiss for lack of subject matter jurisdiction. D. 9. For the reasons stated below, the Court DENIES the motion.

## II.   Standard of Review

In diversity actions, the existence of subject matter jurisdiction requires diversity of citizenship between the parties and an amount-in-controversy exceeding $75,000. 28 U.S.C. § 1332 (2011). A defendant can move to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), allowing the defendant to contest the court's "subject matter jurisdiction

1

by challenging the allegations in the complaint as insufficient on their face or by questioning the accuracy of those allegations." Hernandez-Santiago v. Ecolab, Inc., 397 F.3d 30, 33 (1st Cir. 2005). When addressing Rule 12(b)(1) motions, courts "may consider extrinsic materials and, to the extent it engages in jurisdictional factfinding, is free to test the truthfulness of the plaintiff's allegations." Dynamic Image Techs., Inc. v. United States, 221 F.3d 34, 37 (1st Cir. 2000); see also Gonzalez v. United States, 284 F.3d 281, 288 (1st Cir. 2002).

There are two methods for challenging jurisdiction based on diversity: a "sufficiency challenge" (or a "facial challenge"), in which a party challenges the sufficiency of the pleaded jurisdictional facts, and a "factual challenge," which attacks the accuracy of the jurisdictional facts. See Valentin v. Hosp. Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001). In sufficiency challenges, "the court must credit the plaintiff's well-pleaded factual allegations . . . draw all reasonable inferences from them in her favor, and dispose of the challenge accordingly." Id. In factual challenges, the movant attacks the jurisdictional facts by "proffering materials of evidentiary quality in support" of their contentions, and "the plaintiff's jurisdictional averments are entitled to no presumptive weight." Id. Factual challenges afford courts "broad authority to order discovery, consider extrinsic evidence, and hold evidentiary hearings" to resolve factual disputes between the parties and "determine [the court's] jurisdiction." Id.; see Torres-Negron v. J & N Records, LLC, 504 F.3d 151, 163 (1st Cir. 2007) (noting that "in a factual 12(b)(1) motion . . . the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case" (quoting Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)).

### III. Factual Background

Plaintiffs Peter and Josephine Callahan reside in New York City and have owned the property and residential dwelling at 45 Fair Street, Nantucket, Massachusetts since 2005, using it

2

as a second home. D. 1 ¶¶ 1-2, 8-9. In September 2015, the Callahans entered into an agreement with Defendants Susan Shepherd and Mark Hart for improvements and renovations to the Fair Street residence. D. 1 ¶ 10. Shepherd and Hart drafted a written agreement, but none of the parties signed the agreement. Id. In October 2015, the parties "revised the scope of the renovations, home improvements and repairs to be performed by the [D]efendants" and created a document "reflect[ing] the agreed-upon scope of the work." D. 1 ¶ 11; see D. 1-1. The Callahans allege the "Defendants agreed and promised that the home improvements . . . described and set forth in the Scope of the Work [document] would be completed by May 15, 2016." D. 1 ¶ 12.

Shepherd and Hart did not complete the agreed-upon work by the completion date. D. 1 ¶¶ 12-13. Moreover, the Callahans allege Shepherd and Hart did at least some of the work in a "substandard" manner and made changes to the Fair Street residence both outside the scope of the work and not approved by the Callahans. D. 1 ¶¶ 14-15. Shepherd and Hart also allegedly overcharged the Callahans by over $80,000 and double-billed for some of the work. D. 1 ¶¶ 16-17. The Callahans further allege that the Fair Street residence was "uninhabitable" on the proposed date of completion. D. 1 ¶ 18. The Callahans anticipate they will have to spend upwards of $200,000 to complete the renovations and repair or replace work done improperly. D. 1 ¶ 19.

## IV. Procedural History

The Callahans initiated this action on March 24, 2017. D. 1. Shepherd and Hart have now moved to dismiss for lack of subject matter jurisdiction. D. 9.

## V. Discussion

Shepherd and Hart contend that under either a "sufficiency challenge" or "factual challenge" the Callahans do not meet the requirements for diversity jurisdiction. D. 9-1 at 2. Shepherd and Hart's motion challenges whether the pleaded facts sufficiently support a finding of

3

diversity jurisdiction: they characterize the Callahans' amount-in-controversy allegations as "vague and conclusory" and claim "the allegations of the complaint destroy diversity of citizenship [on their face]." See D. 9-1 at 3-5. "The general rule . . . is that a pleading's allegations of jurisdiction are taken as true unless denied or controverted by the movant." Torres-Negron, 504 F.3d at 162 n.8 (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1363, at 653-54 (1969)). Shepherd and Hart do not controvert the factual allegations in the complaint and offer no "materials of evidentiary quality in support of [their] position." Valentin, 254 F.3d at 363. Shepherd and Hart have not, therefore, adequately stated a factual challenge. The Court will treat their motion to dismiss as a sufficiency challenge and "constru[e] the complaint liberally, treating all well-pled facts as true and drawing all reasonable inferences in the plaintiff's favor." United States ex rel. Cunningham v. Millenium Labs., Inc., 202 F. Supp. 3d 198, 202 (D. Mass. 2016).

### A. Diversity of Citizenship

Diversity of citizenship for the purposes of federal subject matter jurisdiction may be satisfied "if the plaintiff is a 'citizen' of a different state than all of the defendants." Lundquist v. Precision Valley Aviation, Inc., 946 F.2d 8, 10 (1st Cir. 1991). "[C]itizenship or domicile, not residence, is the basis of subject matter jurisdiction," and a person may only have one domicile. Bank One, Texas, N.A. v. Montle, 964 F.2d 48, 53 (1st Cir. 1992) (noting also that an individual may have multiple residences). "[A]n adult person acquires a legal 'domicile' when he or she is physically present in a location and has the intent to remain there for the indefinite future." Bower v. Egyptair Airlines Co., 731 F.3d 85, 90 (1st Cir. 2013). Many factors speak to the determination of domicile, including "the place where civil and political rights are exercised, taxes paid, real and personal property (such as furniture and automobiles) located, driver's and other licenses obtained,

bank accounts maintained, location of club and church membership and places of business or employment." Lundquist, 946 F.2d at 11-12 (quoting 1 Moore's Federal Practice ¶ 0.74[3.-3], at 788 (2d ed. 1991)).

The Callahans allege they are "residents" of New York and Shepherd and Hart are "residents" of Massachusetts. D. 1 ¶ 6. Shepherd and Hart argue that because the Callahans' Fair Street residence is in Nantucket and the dispute centers around this property, there is no diversity of citizenship. D. 9-1 at 5. "Residence is highly relevant to the issue of domicile," however, and the Callahans have alleged they are residents of New York. Lundquist, 946 F.2d at 11. Further, the affidavits attached to the Callahans' opposition to the motion to dismiss amply support the conclusion they are citizens of New York.[1] The Callahans aver they live in New York City, pay taxes in New York, and have New York drivers' licenses. D. 10-1 ¶¶ 4, 6-8; D. 10-2 ¶¶ 3-5. Mr. Callahan maintains his business in New York City and is registered to vote in New York. D. 10-1 ¶¶ 3, 5. Neither of the Callahans stayed at the Fair Street residence for more than 45 days in 2017. D. 10-1 ¶ 8; D. 10-2 ¶ 6.

Shepherd and Hart's offer various arguments about how the Callahans have not met the diversity of citizenship requirement: that the dispute involves work done to a Massachusetts residence under a Massachusetts contract, that the contract was entered into in Massachusetts and that the Callahans are availing themselves of statutes "designed to protect Massachusetts consumers." D. 9-1 at 5. With the exception of an assertion that the Callahans have owned the

---

[1] In ruling on 12(b)(1) motions, courts may consider materials outside the pleadings to determine whether jurisdiction exists. See Valentin, 254 F.3d at 363 (noting that in sufficiency challenges courts must credit the alleged facts taken from the complaint or "an explanatory affidavit or other repository of uncontested facts"); Gonzalez v. United States, 284 F.3d 281, 288 (1st Cir. 1998) (explaining that "the attachment of exhibits to a Rule 12(b)(1) motion does not convert it to a Rule 56 motion" because the court "may consider such materials [outside the pleadings] on a Rule 12(b)(1) motion").

Fair Street residence for seventeen years, none of Shepherd and Hart's arguments speak to the controlling issue of where the Callahans are domiciled. See Lundquist, 946 F.2d at 11-12 (presenting factors relevant to showing of citizenship for diversity purposes). The Callahans have demonstrated they are "citizens" of New York, and therefore satisfy the diversity of citizenship requirement.

B.  **Amount-In-Controversy**

Federal district courts have diversity jurisdiction where the "matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a) (2011). Determination of this factor—the "amount-in-controversy" requirement—requires courts to look "to the circumstances at the time the complaint is filed." Coventry Sewage Assocs. v. Dworkin Realty Co., 71 F.3d 1, 4 (1st Cir. 1995). The "long-standing test" for determining whether a plaintiff has met the amount-in-controversy minimum "is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." Spielman v. Genzyme Corp., 251 F.3d 1, 5 (1st Cir. 2001) (quoting St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938)). Though general allegations of damages will typically suffice, "[o]nce the opposing party challenges the amount, 'the party seeking to invoke jurisdiction has the burden of alleging with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount.'" Get in Shape Franchise, Inc. v. TFL Fishers, LLC, 167 F. Supp. 3d 173, 190 (D. Mass. 2016) (quoting Spielman, 251 F.3d at 5).

Shepherd and Hart argue that because this case involves multiple plaintiffs, Peter Callahan and Josephine Sasso Callahan must each individually state a claim in excess of $ 75,000. D. 9-1 at 3. Although multiple plaintiffs generally may not aggregate separate individual claims to meet

the amount-in-controversy requirement, there is an exception "where 'several plaintiffs unite to enforce a single title or right, in which they have a common and undivided interest.'" CE Design, Ltd. v. Am. Econ. Ins. Co., 755 F.3d 39, 43 (1st Cir. 2014) (quoting Zahn v. Int'l Paper Co., 414 U.S. 291, 294-95 (1973)). Here, the Callahans jointly own the Fair Street residence central to each of the alleged claims. D. 1 ¶ 8; D. 10-1 ¶ 6. All of the Callahans' claims stem from either damage or incomplete work on the Fair Street property or from the breach of the construction contract pertaining to that property. D. 1 ¶ 10. As the issue turns on "whether plaintiffs bring the case based in individual claims or in an indivisible, common claim," Gattegno v. Spring Corp., 297 F. Supp. 2d 372, 378 (D. Mass. 2003), the Callahans' joint interest in both the contract and the home itself suggests aggregation is appropriate. See Berman v. Narragansett Racing Ass'n, 414 F.2d 311, 315 (1st Cir. 1969) (indicating that aggregating is appropriate when "claims constitute in their totality an integrated right against the defendant").

Shepherd and Hart also challenge the amount-in-controversy by contending that the amounts alleged in the complaint are "bare assertion[s]" that have no "basis in fact." D. 9-1 at 4. Shepherd and Hart argue the complaint does not indicate the Callahans ever paid Shepherd and Hart for their work, and, if so, how much. Id. The complaint alleges Shepherd and Hart charged the Callahans over $80,000 for unapproved work, that they double-billed, and that the Callahans will need to pay an additional $200,000 to complete or repair Shepherd and Hart's work. D. 1 ¶¶ 16-17, 19. Moreover, the Callahans' demand letter, attached to the complaint, lists with

some specificity the items and projects forming the basis for the amount of relief requested.[2] See D. 1-2 at 7-8, 11-12. The demand letter also indicates the cost of the renovation was $388,437.46 and that the Callahans have paid $372,000 of that amount. Id. at 3. Given that the Court must assume the pleaded facts are true, and because Shepherd and Hart have offered assertions the Callahans do not meet the amount-in-controversy requirement without any evidence of their own, it does not "appear to a legal certainty that the claim is really for less than the jurisdictional amount." Spielman, 251 F.3d at 5 (quoting St. Paul, 303 U.S. at 288-89). Accordingly, the Callahans have met the amount-in-controversy requirement for the purposes of diversity jurisdiction.

## VI. Conclusion

For the foregoing reasons, the Court DENIES Shepherd and Hart's motion to dismiss, D. 9.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge

---

[2] The Court may consider the Callahans' attachments to the complaint when ruling on a motion to dismiss because "[e]xhibits attached to the complaint are properly considered part of the pleading 'for all purposes.'" Trans-Spec Truck Serv. v. Caterpillar Inc., 524 F.3d 315, 321 (1st Cir. 2008) (quoting Fed. R. Civ. P. 10(c)); Doucot v. IDS Scheer, Inc., 734 F. Supp. 2d 172, 180 (D. Mass. 2010) (considering exhibit attached to complaint as part of pleadings for purposes of 12(b)(1) analysis).