**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| **PETER CALLAHAN and** | ) | |
| **JOSEPHINE SASSO CALLAHAN,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Civil Action No. 17-cv-10508** |
| **v.** | ) | |
| | ) | |
| | ) | |
| **SUSAN SHEPHERD and MARK** | ) | |
| **HART,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

_____

**MEMORANDUM AND ORDER**

**CASPER, J.**                                                   **October 9, 2018**

## I.      Introduction

Plaintiffs Peter Callahan and Josephine Sasso Callahan ("the Callahans") have filed this lawsuit against Defendants Susan Shepherd ("Shepherd") and Mark Hart ("Hart") (collectively, "Defendants") alleging breach of contract, breach of the implied covenant of good faith and fair dealing, breach of express and implied warranties, negligence, and violations of Mass. Gen. L. c. 93A and Mass. Gen. L. c. 142A.  D. 1.  Shepherd and Hart now move to dismiss for failure to state a claim.  D. 16.  For the reasons stated below and as noted at the September 24, 2018 status conference, D. 30, the Court DENIES the motion except to the extent that Count III alleges a claim for breach of an express warranty.

## II.     Standard of Review

The Court will grant a motion to dismiss pursuant to Rule 12(b)(6) if the complaint fails to plead sufficient facts that "state a claim to relief that is plausible on its face."  <u>Bell Atl. Corp. v.</u>

1

Twombly, 550 U.S. 544, 570 (2007).  The Court "must assume the truth of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences therefrom."  Ruiz v. Bally Total Fitness Holding Corp., 496 F.3d 1, 5 (1st Cir. 2007) (citing Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999)).  "Exhibits attached to the complaint are properly considered part of the pleading 'for all purposes,' including Rule 12(b)(6)."  Pare v. Northborough Capital Partners, LLC, 133 F. Supp. 3d 334, 336 (D. Mass. 2015) (quoting Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc., 524 F.3d 315, 321 (1st Cir. 2008)).

## III.     Factual Background

The following facts are taken from the complaint, D. 1, and accepted as true for the purpose of considering the motion to dismiss.  The Callahans reside in New York City and own a residential dwelling on Nantucket, Massachusetts ("the Property").  D. 1 ¶¶ 2, 3, 8.  Since 2005, the Callahans have used the Property as a second home during vacations and holidays.  D. 1 ¶ 9.  In September 2015, the Callahans entered into an agreement with the Defendants for the Defendants to make certain home improvements to the Property.  D. 1 ¶ 10.  Although the parties "attempted to reduce their agreement to writing" and the Defendants "drafted and presented a written agreement," that written agreement was never signed by either the Callahans or the Defendants.  D. 1 ¶ 10.  In October 2015, the parties expanded the scope of improvements to be performed and drafted a Scope of Work document dated October 28, 2015.  D. 1 ¶ 11.  The Scope of Work lists the address of the Property, the date (10/28/2015), and a list of tasks with accompanying prices.  D. 1-1 at 2.

As alleged, the Defendants promised that the improvements detailed in the Scope of Work would be completed by May 15, 2016.  D. 1 ¶ 12.  Those improvements were not completed by this due date.  D. 1 ¶ 13.  The Callahans allege that some of the work was done "incompletely, negligently or in an unworkmanlike manner;" that some of the improvements made by the

Defendants were never approved by the Callahan or part of the scope of work and that the Callahans were double-billed for some of the improvements.  D. 1 ¶¶ 14-17.  The Callahans further allege that due to the delay in completing the improvements and the unworkmanlike quality of the improvements, the Property was uninhabitable as of May 15, 2016 and will again become uninhabitable when further work is undertaken there to complete and repair the work that the Defendants should have done properly.  D. 1 ¶ 18.  Finally, the Callahans allege that it will cost over $200,000 to complete the improvements and correct the improperly completed work by the Defendants.  D. 1 ¶ 19.

## IV.    Procedural History

The Callahans filed this complaint on March 24, 2017.  D. 1.  On February 23, 2018, the Court denied the Defendants' motion to dismiss for lack of subject matter jurisdiction.  D. 11.  The Defendants have now moved to dismiss for failure to state a claim.  D. 16.  On June 22, 2018, the Court heard argument from the parties regarding the Defendants' motion to dismiss and took the matter under advisement.  D. 27.  At the recent status conference, D. 30, the Court informed counsel of its ruling on this motion, but this memorandum explains the reasons for that ruling.

## V.    Discussion

The Callahans bring claims of breach of contract, breach of the implied covenant of good faith and fair dealing, breach of express and implied warranties, negligence, violation of Chapter 142A and violation of Chapter 93A.  D. 1.  Since the Defendants move to dismiss all of these claims, D. 16, the Court addresses each of these claims in turn.

### A.    Breach of Contract (Count I)

To state a claim for a breach of contract under Massachusetts law, a plaintiff must allege that "a valid, binding contract existed, the defendant breached the terms of the contract, and the plaintiff sustained damages as a result of the breach."  Young v. Wells Fargo Bank, N.A., 717 F.3d

224, 232 (1st Cir. 2013) (citation omitted).  The Defendants contend that the complaint fails to state a claim for breach of contract because the complaint does not allege that the parties ever agreed to the basic terms of the contract.  D. 16 at 3.

"[E]xtreme vagueness of [a] purported 'agreement' makes its enforcement impossible" and "indicates that there was no intent to be bound, and thus no agreement, in the first place." Lambert v. Fleet Nat. Bank, 449 Mass. 119, 125 (2007).  "Put otherwise, '[a]ll of the essential terms of a contract must be sufficiently definite so that the nature and extent of the obligations of the parties can be ascertained.'"  Sjostedt v. Ditech Fin., LLC, No. CV 17-10425, 2018 WL 1001015, at *2 (D. Mass. Feb. 21, 2018) (quoting Simons v. American Dry Ginger Ale Co., 335 Mass. 521, 523 (1957)).  The Defendants contend that the complaint is vague because it does not lay out "the date the contract was formed, what the consideration would be, and a schedule for the performance of the agreed upon work."  D. 16 at 3.  The complaint, however, does allege that the initial agreement was made in September 2015 and expanded by mutual agreement on October 28, 2015, as captured by the Scope of Work document, D. 1 ¶¶ 10, 11.   The complaint also alleges that the parties agreed upon a completion date of May 15, 2016, D. 1 ¶ 12, and attaches the Scope of Work which indicates a price list that would form the consideration for the contract.  D. 1-1 at 2.  The agreement alleged in the complaint, therefore, sufficiently definite because the agreement alleged lays out the scope of work, prices and timeline agreed to by the parties.  Moreover, the complaint also plausibly alleges the alleged breaches of that contract.  The Court denies Defendants' motion as to Count I.

## B. Breach of Implied Covenant of Good Faith and Fair Dealing (Count II)

The Defendants contend that, because the complaint does not allege the terms of the contract with sufficient specificity, the scope of the covenant of good faith and fair dealing relating to that contract is, likewise, so vague as to be unenforceable.  D. 16 at 4.  As described above,

however, the terms of the contract as alleged in the complaint are sufficiently definite to overcome a motion to dismiss; so too for the implied covenant of good faith and fair dealing that accompanies every contract. The Court denies Defendants' motion as to Count II.

### C.    **Breach of Implied and Express Warranties (Count III)**

The Defendants contend that the complaint does not allege the existence of a warranty and, therefore, does not state a claim for breach of warranty. D. 16 at 4-5. Under Massachusetts law, however, there is an "implied warranty in construction contracts to do [a] workmanlike job and use reasonable skill." Albrecht v. Clifford, 436 Mass. 706, 711 (2002) (citing George v. Goldman, 333 Mass. 496 (1956)). Thus, even if there was no express warranty, the complaint does allege the existence of an implied warranty of workmanship by alleging to existence of a construction contract. The Defendants' motion is denied as to Count III as to the implied warranty, but allowed to the extent that the Callahans assert a claim for breach of express warranty since no such warranty is alleged here.

### D.    **Negligence (Count IV)**

Massachusetts law recognizes a cause of action for negligence related to the execution of improvements to real property. Mass. Gen. L. c. 260 § 2B; Wyman v. Ayer Properties, LLC, 469 Mass. 64, 69-70 (2014). "The elements of a claim of negligence, generally, are (1) negligence, that is, the failure of a responsible person . . . to exercise that degree of care, vigilance and forethought which, in the discharge of the duty then resting on him, the person of ordinary caution and prudence ought to exercise under the particular circumstances, (2) the causal connection between the defendant's negligence and the plaintiff's injury or damage, and (3) damages." Donovan v. Philip Morris USA, Inc., 455 Mass. 215, 221–22 (2009) (citation omitted).

The Defendants contend the complaint does not state a claim for negligence because the complaint only contains conclusory allegations regarding this count. D. 16 at 5. The complaint,

however, pleads a factual basis for all of the elements of a negligence claim. The complaint includes as an attachment a letter from the Callahans to the Defendants that lays out with specificity particular negligent acts of the Defendants in performing the improvements, including, but not limited to, failing to properly install copper downspouts; improperly installing the kitchen stove hood; breaking a glass disc in a chandelier and two glass windowpanes; incorrectly painting floors in two levels of the home; failing to remove nails in a wall; spilling paint along a wall; improperly installing wood floors in the kitchen; removing and failing to replace outdoor furniture and leaving paint on door hinges. D. 1-2 at 7-8. The complaint further alleges that these negligent acts resulted in damages to the Callahans, namely, the expenses they will have to incur in repairing the damage. D. 1 ¶¶ 18-19. Accordingly, the Court denies the Defendants' motion as to Count IV.

### E.       Chapter 142A (Count V)

Chapter 142A prohibits certain home improvement contractors from "operating without a certificate of registration," "abandoning or failing to perform, without justification, any contract or project . . . or deviating from or disregarding plans or specifications in any material respect without the consent of the owner," "failing to credit to the owner any payment they have made to the contractor or his salesperson in connection with a residential contracting transaction," among other things. Mass. Gen. L. c. 142A § 17(1)-(3). The statute also provides that "[e]very agreement to perform residential contracting services in an amount in excess of one thousand dollars shall be in writing and shall include" various details, including a description of the work and the total amount to be paid. Mass. Gen. Laws c. 142A § 2(a). The Defendants contend that the complaint fails to state a claim under Chapter 142A because there was no written contract between the parties and because the Property was not the Callahan's primary home. The first argument fails, because the requirement that a contract be in writing is an obligation of contractors under the statute, not an element of a suit under Chapter 142A. See Mellin v. Tettlebach, 1997 Mass. App. Div. 70,

1997 WL 306649, at *1 (Mass. App. Div. May 30, 1997). Although the statute requires that contracts to perform residential contracting services in excess of one thousand dollars be in writing, Mass. Gen. Laws c. 142A § 2(a), the statute also states that "[c]ontracts which fail to comply with [such] requirements . . . shall not be invalid solely because of noncompliance." Mass. Gen. L. c. 142A §2(a)(10). The second argument also fails, because the statute only requires that the building at issue be "owner occupied," Mass. Gen. Laws c. 142A § 1, not that the building be the owner's primary residence. The complaint alleges that the Callahans did occupy the Property even if they did not do so year-round. D. 1 ¶ 9. The Court, therefore, denies the Defendants' motion to dismiss Count V.

### F.     Chapter 93A (Count VI)

"[A] practice or act will be unfair under [Chapter 93A] if it is (1) within the penumbra of a common law, statutory, or other established concept of unfairness; (2) immoral, unethical, oppressive, or unscrupulous; or (3) causes substantial injury to competitors or other business people.'" Incase v. Timex Corp., 488 F.3d 46, 57 (1st Cir. 2007) (quoting Morrison v. Toys "R" Us, Inc., 441 Mass. 451 (2004)). The Defendants contend that the complaint fails to state a claim for relief under Chapter 93A because the complaint only contains conclusory allegations. D. 16 at 7. The complaint, however, alleges specific unfair practices, including charging for work not approved by the Callahans, engaging in double billing and charging for services not actually performed. D. 1 ¶¶ 16, 17, 27; D. 1-2. Moreover, as a general rule, "a breach of warranty constitutes a violation of G.L. c. 93A, § 2." Maillet v. ATF-Davidson Co., 407 Mass. 185, 193 (1990). Thus, because the Callahans' breach of (implied) warranty claim survives, the Chapter 93A claim survives. The Defendants' motion to dismiss Count VI is also denied.

## VI.     Conclusion

For the foregoing reasons, the Court DENIES the Defendants' motion to dismiss, D. 16, except that the Court ALLOWS it to the extent that Count III alleges a claim for breach of express warranty.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge